Filed 10/30/25  P. v. Valenzuela CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083299 |
| v. | (Super.Ct.No. INF1201315) |
| RICHARD ANDREW VALENZUELA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Reversed and remanded.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General,

Charles C. Ragland, Assistant Attorney General, Daniel B. Rogers and Christopher P.

Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Richard Andrew Valenzuela appeals from the trial court's postjudgment order finding him ineligible for recall of his sentence and resentencing under Penal Code section 1172.75.[1] The appeal returns to us on transfer from the California Supreme Court to reconsider the cause in light of *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*). *Rhodius* resolved a split of authority among the Courts of Appeal regarding resentencing eligibility when a defendant's sentence for a prior prison enhancement (see former § 667.5, subd. (b)) was imposed but then stayed. *Rhodius* held that defendants whose enhanced prison prior term or terms were stayed at sentencing are eligible for full resentencing under section 1172.75. Pursuant to *Rhodius*, we therefore reverse the trial court's order denying defendant a resentencing hearing, and remand for the trial court to hold that hearing.

## BACKGROUND

On March 12, 2015, defendant pleaded guilty to one of count of burglary (§ 459). Defendant also admitted to having suffered three prior convictions within the meaning of section 667, subdivisions (a), (c) and (e)(1), and 1170.12, subdivision (e)(1). He admitted to having served one prior prison term within the meaning of former section 667.5, subdivision (b). At defendant's sentencing hearing on April 3, 2015, the trial court found no grounds to strike the prior convictions. Defendant was sentenced to 15 years plus 25 to life. The trial court imposed a one-year enhancement term for defendant's prison prior, but stayed execution of that portion of his sentence.

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Defendant appealed and a panel of this court remanded the matter in order for the trial court to allow defendant to request to withdraw his guilty plea. We ordered the trial court to strike two of the section 667, subdivisions (a) priors, and two of the priors under section 667, subdivisions (c) and (e)(1). This court rejected that the trial court must impose or strike the prison prior; the trial court properly stayed the sentence on the prison prior. On May 26, 2016, defendant's oral motion to withdraw his plea was denied. A new abstract of judgment was filed on June 9, 2016, reflecting a 25-years-to-life sentence for the burglary; five years for one section 667, subdivision (a), prior; and the stayed prison prior.

Defendant was identified by the Secretary of the CDCR as being in custody serving a judgment that included an enhancement described in section 1172.75, subdivision (a). On December 21, 2023, the trial court denied that defendant was entitled to relief under section 1172.75. Defendant appealed the denial of relief on the single ground that he was entitled to a full resentencing based on the imposed but then stayed prison prior. On appeal, a divided panel of this court affirmed the trial court's ruling based on a split in the Courts of Appeal at the time on resentencing when a prior prison prior was imposed but stayed. (*People v. Valenzuela* (February 13, 2025, E083299) [nonpub. opn.].) The California Supreme Court granted review and remanded to this court to vacate our decision and reconsider the issue following its decision in *Rhodius*. The parties waived any supplemental briefings. We vacate our decision and consider the matter in light of *Rhodius.*

3

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of the California Department of Corrections and Rehabilitation and county jail administrators to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court determines that the individual's judgment includes such an enhancement, the defendant's resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

*Rhodius* held that "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

Here, defendant's judgment included one stayed prior prison term enhancement that was imposed before 2020. None were for sexually violent offenses. Under *Rhodius*,

4

the stay the original sentencing court entered on those enhancements does not preclude defendant from resentencing under section 1172.75. We therefore reverse and remand the matter for the trial court to hold that hearing.

## DISPOSITION

The postjudgment order denying defendant's petition for recall and resentencing is reversed. The matter is remanded for the court to recall defendant's sentence, hold a resentencing hearing pursuant to section 1172.75, subdivision (d), and resentence defendant consistent with the statute

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                    
J.

We concur:

RAMIREZ             
P. J.

FIELDS               
J.